## Lane et al. versus Nelson.

79     407
21 SC  361

1. Administration of Nelson's estate was duly granted by the register of Jefferson county ; the administrator applied.to the Orphans' Court of Jefferson county for a sale of decedent's land, described as being in Jefferson and Clearfield counties, for payment of debts ; the order was issued, the land sold, sale confirmed by the court, the purchase-money paid to the administrator and appropriated to the payment of the debts. It was afterwards discovered the land was entirely in Clearfield county. After an ejectment brought by the heirs of Nelson against the purchaser for the land, an of Assembly was passed validating the sale. *Held,* that the act was constitutional and the purchaser's title was valid.

2. The Orphans' Court of Jefferson county having jurisdiction of the accounts of the administrator, had a right to order the conversion of the decedent's real estate for the payment of his debts ; it could not consummate it without the aid of the courts of Clearfield county, but the court of Clearfield county was ancillary only to the court of Jefferson county.

3. As the legislature cannot by an arbitrary edict take one man's property and give it to another, a judicial proceeding which is void for want of jurisdiction cannot be validated by an Act of Assembly.

4. The legislature cannot exercise judicial powers.

5. If an Act of Assembly is within the legislative power, it is not a valid objection to it that it divests vested rights.

6. Retrospective laws divesting vested rights, unless ex post facto laws or impairing the obligations of contracts, are not within the prohibition of the United States Constitution, however repugnant to the principles of sound legislation.

7. Where jurisdiction has attached and there has been a formal defect in the proceedings, where the equity of the party is complete and all that is wanted is legal form, the legislature may correct such defect and provide a remedy.

8. Richards v. Rote, 18 P. F. Smith 248, distinguished.

November 11th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.

Error to the Court of Common Pleas of *Jefferson county* : Of October and November Term 1874, No. 56.

This was an action of ejectment, brought December 14th 1869, by William Nelson and Lydia Nelson, against N. B. Lane and George Nelson, for 162 acres of land in Snyder township. William Nelson's death was suggested of record February 12th 1874.

By patent of April 5th 1856, Leander Drury became the owner of a tract of land situate partly in Fox township, Clearfield county, and partly in Washington township, Jefferson county, containing

461 acres and 119 perches. On the 6th of December Drury conveyed to John Nelson, " all that certain piece of land, &c., situate in the townships of Washington and Fox in the counties of Jefferson and Clearfield, containing 162 acres," part of the tract above mentioned, and being the land in dispute. John Nelson paid taxes on the land in Jefferson county up to the time of his death on the 31st of May 1862. He died intestate, unmarried and without issue, leaving his father and mother, the plaintiffs in this suit, to survive him, and some brothers and sisters. On the 12th of September 1862 administration of John Nelson's estate was granted to James Nelson. On the 8th of September 1862 the administrator petitioned the Orphans' Court of Jefferson county for an order of ·sale of the real estate of the decedent, being 162 acres, more or less, in the township of Washington, county of Jefferson, and the township of Fox in the county of Clearfield, for the payment of his debts. An auditor was appointed to ascertain the facts, &c. On the 18th of September 1862, after proof of notice to all the heirs in this country—some of the decedent's family, including the plaintiffs, then living in Ireland—the auditor reported, recommending a sale of the real estate above mentioned, for payment of the debts of the decedent; an order was accordingly issued, in pursuance of which the land was sold on the 5th of December then next to Samuel Patton ; the sale was confirmed on the 11th of the same month and a deed made to the purchaser February 13th 1863. The proceeds were appropriated to the payment of the decedent's debts. By intermediate conveyances this title to the land was vested in N. B. Lane ; the other defendant, George Nelson, occupied the land. Taxes for the land continued to be paid in Jefferson county until 1864 or 1865.

At the time of the Orphans' Court sale and until April 4th 1868 the land was entirely in Clearfield county. On the day last mentioned an Act of Assembly—Pamph. L. 651—was passed annexing part of Clearfield county, including the land in dispute, to Jefferson county.

On the 1st of April 1873 an Act of Assembly—Pamph. L. (1873) 473—entitled An Act to validate the sale of the real estate of John Nelson, deceased, &c., was passed. The preamble recited the order of sale by the Orphans' Court of Jefferson county to sell the premises, " then supposed to be situated in Washington township, Jefferson county, and Fox township, Clearfield county," for the payment of the debts of the decedent, the sale by the administrator, and that " the proceeds thereof were appropriated according to law to the payment of the debts of the said deceased ;" that it then appeared that the premises lay wholly in the county of Clearfield ; that the proceedings and sale were had without the knowledge of that fact, and that by reason thereof the title to the land was defective ; " for remedy of the said defect," it was enacted that

[Lane *v.* Nelson.]

the sale "be and the same is hereby ratified and confirmed, and the same shall be taken, deemed and held to be a valid and effectual sale and to have like force and effect as if the said real estate when sold was situated in the county of Jefferson, and all proceedings therefor had been found regular and in accordance with the statutes in such case made and provided."

The case was tried February 12th 1874, before Jenks, P. J., when the foregoing facts appeared. -

The plaintiffs' points were :—

1. If the land described in the Orphans' Court sale lay wholly in the county of Clearfield at the time of the proceedings in the Orphans' Court of Jefferson county, those proceedings vested no title in Samuel Patton, the purchaser at that sale.

2. The Act of 1st of April 1873, by which the title of the defendants is claimed to be cured, is void for the purpose of transferring the property to the defendants.

Both points were affirmed.

The verdict was for the plaintiff.

The defendants took a writ of error and assigned for error, the affirming of plaintiff's points.

*A. L. Gordon* and *W. C. Corbet*, for plaintiffs in error.

*Jenks & Clark*, *B. J. Reid* and *J. Campbell*, for defendant in error.—The sale under the order of the Orphans' Court of Jefferson county was void for want of jurisdiction : Menges *v.* Oyster, 4 W. & S. 20. The Act of April 1st 1873 is unconstitutional and void : Vanhorne *v.* Dorrance, 2 Dall. 304 ; Norman *v.* Heist, 5 W. & S. 171 ; Brown *v.* Hummel, 6 Barr 87 ; Dale *v.* Medcalf, 9 Id. 108 ; Greenough *v.* Greenough, 1 Jones 489 ; McCabe *v.* Emerson, 6 Harris 111 ; McCarty *v.* Hoffman, 11 Id. 507 ; Kneass's Appeal, 7 Casey 87 ; Menges *v.* Dentler, 9 Id. 495 ; Baggs's Appeal, 7 Wright 512 ; Caverow *v.* Insurance Co., 2 P. F. Smith 287 ; Schafer *v.* Eneu, 4 Id. 304 ; Shonk *v.* Brown, 11 Id. 321 ; Craig *v.* Kline, 15 Id. 399 ; Palairet's Appeal, 17 Id. 479 ; Richards *v.* Rote, 18 Id. 248.

Mr. Justice PAXSON delivered the opinion of the court, November 15th 1875.

It is settled by a current of authority that the legislature cannot, by an arbitrary edict, take the property of one man and give it to another ; and that when it has been attempted to be taken by a judicial proceeding, as a sheriff's sale, which is void for want of jurisdiction, it is not in the power of the legislature to infuse life into that which is dead : Norman *v.* Heist, 5 W. & S. 171 ; Greenough *v.* Greenough, 1 Jones 489 ; De Chastellux *v.* Fairchild, 3 Harris 18 ; Meyer *v.* Dentler, 9 Casey 495 ; Baggs's Ap-

peal, 7 Wright 512 ; Schafer v. Eneu, 4 P. F. Smith 304 ; Shonk v. Brown, 11 Id. 320 ; Richards v. Rote, 18 Id. 248 ; Hegarty's Appeal, 25 Id. 503. To exercise judicial powers is not within the legitimate scope of legislative functions ; and when vested rights are divested by acts of that character they will and ought to be judged inoperative, null and void : Baggs's Appeal. On the other hand, if an Act of Assembly is strictly within the scope of legislative power, it is not a valid objection that it divests vested rights. There is no clause, either in the Constitution of the United States or of this Commonwealth, which prohibits retrospective laws : Grim v. Weisenberg School District, 7 P. F. Smith 433. The legislature cannot impair the obligation of a contract, or pass an ex post facto law, for both of these are expressly forbidden: But an ex post facto law is one which makes an act punishable in a manner in which it was not punishable when it was committed : Fletcher v. Peck, 6 Cranch 138. Retrospective laws and state laws divesting vested rights, unless ex post facto, or impairing the obligation of contracts, do not fall within the prohibition contained in the Constitution of the United States, however repugnant this may be to the principles of sound legislation : Grim v. Weissenberg School District; Calder v. Bull, 3 Dallas 386 ; Satterlee v. Matthewson, 2 Peters 413 ; Watson v. Mercer, 8 Peters 88.

Legislation of the character referred to is no novelty in this state. We have numerous instances in which it has been invoked for a great variety of purposes. In some cases it has been sustained, and in others declared unconstitutional. The boundary line between the domains of authorized and prohibited legislation is not very clearly defined. Acts of Assembly passed at different times to render valid defects in acknowledgment of deeds have been sustained, although the effect of them was to interfere with vested rights : Tate v. Stooltzfoos, 16 S. & R. 35 ; Mercer v. Watson, 1 Watts 330. In like manner Acts of Assembly, to remedy defects in judicial proceedings, have been held to be valid. Thus an act curing an irregularity in the entry of a judgment was held to be within the legitimate province of the legislature : Underwood v. Lilly, 10 S. & R. 97. In Bleakiney v. The Bank of Greencastle, 17 S. & R. 64, an act validating suits pending was sustained. In Estep v. Hutchman, 14 S. & R. 435, a private act, authorizing a guardian to convey land sold by the father of his ward and paid for by the purchaser, was sustained. In the case of The Turnpike Company v. The Commonwealth, 2 Watts 433, the broad principle is asserted that where a right exists, but no remedy to enforce it, it is within the constitutional power of the legislature to provide one. In Smith v. Merchand's Executors, 7 S. & R. 260, an act to enable purchasers of defective tax-titles to recover back from the county commissioners what they had paid over and above the

[Lane *v*. Nelson.]

taxes, was sustained, though the purchaser had no previous title to recover. In Grim *v*. Weissenberg School District, before cited, an illegal tax had been collected, under protest; after the party had brought suit to recover it back, an act legalizing the tax was passed, and it was held that the act defeated the cause of action, and was not unconstitutional for the reason that the legislature having the power antecedent to authorize the tax, could cure any irregularity or want of authority in levying it by a retroactive law.

While the legislature may not by a retroactive law render valid judicial proceedings which were utterly void for want of jurisdiction, as in Richards *v*. Rote, before cited, it is equally clear that in cases where the jurisdiction has attached, and there has been a formal defect in the proceedings, where the equity of the party is complete, and all that is wanted is legal form, it is within the recognised power of the legislature to correct such defect and to provide a remedy for the legal right. The Orphans' Court of Jefferson county had jurisdiction in this matter. Having jurisdiction over the accounts of the administrator it had the right to order a conversion of the real estate of the decedent for the payment of his debts. It is true, that as to land lying in Clearfield county, the Orphans' Court of Jefferson county could not consummate the conversion of the real estate in Clearfield county into money without the aid of the Orphans' Court of the latter county. But in this matter the Orphans' Court of Clearfield county is merely ancillary to the Orphans' Court of Jefferson; the latter court is the actor, but it uses the hand of the Orphans' Court of Clearfield to execute its decree. It is an undisputed fact, that at the time of the Orphans' Court sale it was not known to the counsel, the parties, or the court, that the land described in the petition was situated wholly in Clearfield county. It was not known until long after the sale had been made and confirmed and the purchase-money paid. The purchase-money was properly applied to the payment of the decedent's debts. We have here the case of a defect in a judicial proceeding in a case in which the court had jurisdiction, with a complete equitable right in the purchaser at the Orphans' Court sale, but without any legal form or remedy by which such right may be asserted and sustained. The Act of Assembly does no more than provide such legal remedy. It interferes with no man's right. It does not take the property of one person and give it to another. It is true, it does prevent the plaintiffs below from wresting property for which they have paid nothing from the hands of honest holders who have paid full value. The plaintiffs are mere volunteers. It is true, that upon the death of John Nelson, his real estate descended to and vested in his heirs. But it vested in them subject to the payment of his debts. It was sold under the authority of a judicial decree for that purpose; that

[Lane *v.* Nelson.]

the proceedings were technically defective, and have been validated by a legislative enactment, works no injustice to any of the heirs-at-law of John Nelson.

We think the court below erred in ruling that the Act of April 1st 1873, was void. As the whole case turns upon this point, it is unnecessary to discuss the remaining assignments of error.

Judgment reversed.

Mr. Justice MERCUR dissented.