## Commonwealth ex rel. Smilley, Appellant, *v.* Claudy.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

248

*Thomas Smilley,* appellant, in propria persona, submitted a brief.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

Relator petitioned the Court of Common Pleas of Allegheny County for a writ of habeas corpus. Answers were filed by the District Attorney of Allegheny County and the Warden of the Western State Penitentiary. Relator was present with counsel at the hearing on his petition on May 12, 1952, and testified. Finding that no material averment had been established, the hearing judge, President Judge GRAFF of the 33d Judicial District, specially presiding, denied the petition. From that order relator has appealed.

Relator was indicted in the Court of Oyer and Terminer of Allegheny County for armed robbery and violation of the Firearms Act. Counsel was appointed to defend him. He pleaded not guilty to the bills of indictment, and on May 12, 1937, he was convicted by a jury on eight bills each charging armed robbery and a like number charging violations of the Firearms Act, 18 PS §4628. On the same day he was sentenced to the Western State Penitentiary on three of the bills charging armed robbery—Nos. 21, 22, and 29, May Term,

1937. The sentences, which were consecutive, were for terms of not less than five years nor more than ten years. Sentence was suspended on the other convictions.

The averments in relator's 75-page petition may be summarized as follows: (1) That he was not present in court when the jury was selected for trial; (2) that he was inadequately and improperly represented by counsel at his trial, and thereby denied due process; and (3) that he was denied the right to subpoena witnesses for his defense.

Relator's first contention is contrary to the records of the trial court. The minute book of the Court of Oyer and Terminer of Allegheny County contains the following entry with reference to relator's trial: "And now May 12, 1937, defendant present in open court pleads non cul et de hoc. District Attorney similiter. Issue joined. EODIE a jury being called there came . . . [names of jurors] . . . twelve good and lawful men and women duly summoned . . . impaneled and sworn . . ." As the Supreme Court noted in *Com. ex rel. Spencer v. Ashe*, 364 Pa. 442, 444, 71 A. 2d 799, 800, this supplies "direct proof that the factual basis of the alleged irregularity did not actually exist." In any event, the records of the trial court may not be impeached in a collateral proceeding. *Com. ex rel. Kaylor v. Ashe*, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769; *Com. ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 90 A. 2d 383. Furthermore, the hearing judge in passing on the credibility of relator said: "As to being present at the time of the selection of the jury, we are satisfied that he is not telling the truth when he says that he wasn't." See *Com. ex rel. Uhler v. Burke*, 172 Pa. Superior Ct. 108, 115, 91 A. 2d 913.

Although relator had counsel appointed by the trial court, he endeavors to argue that he was forced to stand

trial without the assistance of counsel. With further total disregard of the facts, he charges that his court-appointed counsel conspired with the district attorney to bring about his convictions. Such accusation was shown at the hearing on his petition to be totally untrue. We concur with President Judge GRAFF's characterization of this statement as being "utterly false and vicious."

It appears from relator's testimony taken at the hearing in the court of common pleas he believes that his counsel did not have sufficient time to prepare his case for trial, and that he improperly conducted the defense. Relator testified that his counsel was appointed only ten minutes before trial. This is contradicted, however, by his former counsel who testified that he spent at least an hour in conference with relator before the trial, and that the only issue was the identity of relator as the perpetrator of the several robberies.

In *United States v. Wight*, 2 Cir., 176 F. 2d 376, certiorari denied 338 U.S. 950, 70 S. Ct. 478, 94 L. Ed. 586, the relator contended that he did not receive the effective services of counsel because, inter alia, only fifteen minutes were available for conference with his assigned counsel prior to the case being called for trial. The court held that, in spite of the shortness of time, the appearance of counsel was not perfunctory, where there was shown no lack of knowledge by counsel of either the facts or the law upon which he advised his client. The court also said (page 379 of 176 F. 2d): "Moreover, time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings, and unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations

of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus . . ." See, also, *Ray v. United States*, 8 Cir., 197 F. 2d 268.

As to the conduct of his defense, relator's objections have to do principally with his counsel's method of cross-examination of prosecution witnesses, and with the alleged restriction of relator's direct testimony. However, at the hearing on his petition relator testified that the trial judge did not prevent him from telling everything that he wanted to tell at his trial.

We find nothing in the record approximating a denial of due process or showing that relator is entitled to any relief whatsoever; the evidence fully supports the order denying relator's petition. Errors of judgment of a defendant's counsel, if any, during the progress of his trial cannot be made the basis for setting aside a valid judgment of conviction. *United States v. Cameron*, 84 F. Supp. 289, 290.

Finally, relator claims that he requested his counsel to subpoena certain witnesses in his behalf, and that the latter failed to do so. His contention appears to be that the testimony of such witnesses would have impeached the credibility of witnesses for the prosecution as to occurrences prior to the commission of the offenses for which he was on trial. His trial counsel testified that his recollection was to the effect that no such request was made to him, and that, if such request had been made, he would have asked the trial court for an opportunity to procure such witnesses. However, assuming that relator did request his counsel to subpoena such witnesses, whether or not their testimony would be relevant and helpful to relator's defense was a matter for the judgment of his counsel, which we will not review on habeas corpus.

Order of the court below is affirmed.