## Commonwealth ex rel. Wolcott, Appellant, *v.* Burke.

Submitted April 16, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Carl Wolcott,* appellant, in propria persona.

*C. Wayne Smyth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

Relator had been convicted on a charge of burglary and sentenced on November 5, 1935, to the Eastern State Penitentiary for a term of not less than five years nor more than ten years. He was subsequently paroled. While on parole, he was indicted at No. 6, December Term, 1941, in the Court of Quarter Sessions of Bradford County. This indictment charged that on or about May 9, 1941, the relator "did unlawfully, wilfully and maliciously break and enter the Central High School Building, leased and occupied by the Belle Knitting Mills, in the Boro of Sayre, with the intent then and there to commit a felony therein," to wit, larceny. On the back of the indictment was the designation "Breaking and Entering." He was tried and found guilty; and on December 5, 1941, he was sentenced by the Court

of Oyer and Terminer of Bradford County to the Eastern State Penitentiary for a term of not less than two and one-half years nor more than ten years. The caption of the sentence filed designates the conviction as burglary.

Upon recommitment to the penitentiary, relator resumed service of the balance of the prior sentence for burglary. On March 17, 1943, he was reparoled from such earlier sentence and began service of the sentence imposed at No. 6, December Term, 1941. He was paroled from this latter sentence on November 4, 1946; but he was returned to the penitentiary on September 14, 1949, as a technical parole violator. He was reparoled on July 11, 1951, and again returned to the penitentiary on May 23, 1952. According to the penitentiary records his present maximum time will expire November 3, 1953.[1] Relator does not question this calculation on appeal.

Relator, on December 2, 1952, filed a petition for a writ of habeas corpus in the Court of Common Pleas of Bradford County, and a rule to show cause why the writ should not issue was granted. The court made the rule returnable on December 22, 1952, and directed that relator should not be produced for a hearing. See Act of May 25, 1951, P. L. 415, §5, 12 PS §1905. Answers were filed by the District Attorney of Bradford County and the warden of the penitentiary. On January 12, 1953, the court made an order discharging the rule and dismissing the petition. See Act of May 25, 1951, P. L. 415, §4, 12 PS §1904. From the order relator appealed.

Relator complains on this appeal of the action of the lower court in disposing of his petition without a

---

[1] Act of Aug. 6, 1941, P. L. 861, §21.1, added by Act of Aug. 24, 1951, P. L. 1401, §5, 61 PS §331.21a; Parole Violators, 83 Pa. D. & C. 32.

hearing. He contends that he was entitled to a hearing at which he had the right to be present. Relator's petition raised no factual issues requiring determination by the court, and failed to establish any ground entitling relator to relief by habeas corpus, and therefore a hearing was unnecessary and would have served no purpose. *Com. ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382; *Com. ex rel. Elliott v. Baldi,* 373 Pa. 489, 494, 495, 96 A. 2d 122. The granting of a rule to show cause on relator's petition was perfunctory and did not necessitate a hearing on averments which were not prima facie sufficient to show a violation of due process or ground for relief. *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 97 A. 2d 54. Moreover, the answers and the trial or court records, which may relevantly be considered in habeas corpus proceedings, disclosed nothing that would require a hearing or afford a basis for the issuance of a writ of habeas corpus. *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383.

Relator's argument that he is entitled to a discharge because, although he was indicted for the offense of "breaking and entering," he was convicted and sentenced for a different offense, to wit, "burglary," is without substance. The Act of June 24, 1939, P. L. 872, §901, 18 PS §4901, provides: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary, . . ." The indictment was drawn substantially in the words of this statute. The Act of 1939 eliminated the distinction as to breaking or entering by night with intent to commit a felony as prohibited by §135 of the Act of March 31, 1860, P. L. 382, and breaking and entering in the daytime with similar intent as prohibited by §2 of the Act of April 22, 1863,

P. L. 531, as amended. It also eliminated any reference to forcible invasion. Relator would have no valid complaint in any event because the maximum period of imprisonment provided by virtue of the amendment to the Act of 1863 by the Act of March 13, 1901, P. L. 49, was ten years, the maximum sentence imposed on relator. The designation of the offense as "breaking and entering" on the back of the indictment is of no consequence. The caption is not part of an indictment. *Brown v. Commonwealth*, 78 Pa. 122; *Com. v. Bausewine*, 156 Pa. Superior Ct. 535, 545, 40 A. 2d 919, reversed on other grounds, 354 Pa. 35, 46 A. 2d 491.

The order is affirmed.