## Commonwealth ex rel. Schuch, Appellant, *v.* Burke.

138

Submitted September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Otto Schuch,* appellant, in propria persona.

*Raymond R. Start,* District Attorney, *Joseph E. Pappano,* First Assistant District Attorney and *Ernest L. Green, Jr.,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., November 11, 1953:

Relator was convicted of burglary in the quarter sessions of Delaware County and is now serving a sentence of from 10 to 20 years in the Eastern Penitentiary. He was well represented at the trial by competent counsel of his own choice, but was convicted on competent testimony which can leave no doubt of his guilt. In this proceeding he petitioned for his discharge on habeas corpus alleging a denial of constitutional rights on a number of grounds; he does not assert his innocence. This is an appeal from the order of the lower court dismissing relator's petition without hearing. A brief reference to the grounds advanced by relator will demonstrate that the petition, in the light of the record of his trial and conviction, does not make out a case for relief. The order will be affirmed.

Relator with an accomplice broke into a building in Clifton Heights Borough, Delaware County, during the early morning of January 25, 1950; a safe containing $1,600 and other property was removed from the building and was conveyed by them in relator's automobile to Philadelphia. Defendant was arrested there on the evening of the same day and within an hour a search was made of his car by the arresting officers. Two pinch bars or "jimmies" and a third "sectional

jimmy" together with a flashlight, a chisel and part of the lock which had been removed from the safe were taken from the car.

There is no merit in relator's complaint that he was arrested and the car searched without a warrant. The record does not disclose whether the Philadelphia police had a warrant but no warrant was necessary. A police officer and even a private citizen may arrest for felony without a warrant. *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799. And the arresting officers, after making the arrest, rightfully searched relator's car, which had been used by him to carry away the fruits of the burglary. They took from it the articles, "facilities of the crime" which properly were received in evidence on the trial of relator for burglary. However, even if relator had been improperly arrested and his car searched by an officer without justification, his complaints on that score would not be reviewable on an application for a writ of habeas corpus. *Commonwealth ex rel. Spencer v. Ashe,* supra.

Relator alleges that testimony from an incompetent witness was improperly admitted over his objection at the trial. We have examined the questioned testimony and there is no merit in the charge. But even if relator's guilt was established in part by incompetent testimony, improperly admitted, habeas corpus cannot be used as a substitute for an appeal from a conviction on that ground. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593; *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122.

He complains that the Assistant District Attorney held a personal conversation with the prosecuting witness during the trial. The witness was describing the discolored condition of the frame of the cellar window (through which the entry was made) with the "jimmy

mark" upon it and he said: "You can see from the mill down there we get a lot of black coal dirt". The Assistant District Attorney then said: "I have some of it too" to which the witness replied: "I know you have". The objection to the mild pleasantry in the above quotation, which contains the whole conversation, is too captiously trivial for comment.

Relator alleges that the jury during the three-day trial of the charge against him was "allowed to hear and try other cases before disposing of the case for which they were originally selected and sworn". The record does not show that to be a fact and the opinion of the trial judge indicates that at most interruptions occurred only to take "one or two pleas of guilty" from other defendants charged with crime. Even if the charge were true and the relator was prejudiced thereby, appeal and not habeas corpus was the proper procedure.

He also complains of his conviction on another indictment with a co-defendant charged with the same offense. The record shows that no sentence was imposed on the conviction; relator therefore has no grounds for complaint on that score.

It is further contended by relator that he was not in court when the jury was drawn and in that respect was deprived of the "right to be present at all stages of the prosecution and trial". The record negates relator's contention and shows that he was present when the jury was impaneled. His bald averment to the contrary therefore does not establish a basis for contradicting the record as to what actually occurred. *Commonwealth ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906. Relator and his counsel were both present when the case was called for trial on March 22, 1950. The record shows the following colloquy between counsel after twelve jurors had been

called to the box. Mr. Stars, Assistant District Attorney: "They [relator and co-defendant] are represented by Mr. deFuria. The jury has been selected and is satisfactory to the Commonwealth. Mr. deFuria: And to the defense, your Honor. The Court: All right". Then and not until then, in relator's presence, did the court direct the jury to be sworn.

Following relator's conviction on March 24, 1950, he was sentenced forthwith to undergo imprisonment in the Eastern Penitentiary for a term of not less than ten nor more than twenty years to be computed from the expiration of a sentence imposed on March 31, 1932, in Philadelphia, the maximum of which extended to March 31, 1962. In imposing sentence it was assumed by the court that he was obliged to serve the balance of that sentence as a parole violator. Shortly thereafter it was made known to the court that the maximum of the prior sentence imposed in Philadelphia had been commuted by the Pardon Board because of relator's honorable discharge from military service so that his term of imprisonment on the prior conviction ended on April 1, 1947.

In the light of that fact the lower court directed that the defendant appear for resentencing on March 31, 1950. On that date in the presence of relator and his counsel, the prior sentence of from 10 to 20 years was modified to be computed from the date of his original commitment on the burglary charge, to-wit: January 31, 1950. The March Term of the Court of Quarter Sessions of Delaware County did not expire until the first Monday in June, 1950. The resentencing of relator was within the term and therefore was valid. A sentence may be modified or revoked, and a new sentence imposed if done within the term of the original sentence. The principle of *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244, to the effect that

a sentence once imposed cannot be modified at a subsequent term unless the power to resentence has been reserved has no application to the facts in this case as established by the record in the quarter sessions. The same may be said of *Com. ex rel. Micholetti v. Ashe,* 359 Pa. 542, 59 A. 2d 891; it has no application.

Since it is clear that the averments of relator's petition for habeas corpus and the record in the quarter session on which they are based, failed to make out a case entitling him to relief, no hearing was necessary and the court properly dismissed the petition for the writ without hearing. *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122. Cf. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. 2d 1.

Order affirmed.