## Commonwealth ex rel. Garrison, Appellant, *v.* Burke.

Submitted October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Milton Garrison,* appellant, in propria persona.

*Willard S. Curtin,* District Attorney, for appellee.

OPINION BY ROSS, J., December 29, 1953:

Relator, Milton Garrison, filed a petition for writ of habeas corpus in the Court of Common Pleas of Bucks County. A hearing was had on the petition, relator appeared and testified, and after the petition was denied and the writ refused, he appealed to this Court.

Relator is now serving a term of not less than two nor more than four years in the Eastern State Penitentiary for the crime of burglary. He was tried and convicted for that crime before a judge and jury in the Court of Oyer and Terminer of Bucks County. Sentence was imposed on January 29, 1953, to be computed from December 22, 1952.

Relator complains in his petition that "on December 20, 1952 at about 1:30 A.M." he was "attacked, beaten and seized by a group of four (4) people" who forced him into the home he was later convicted of burglarizing, and there was subjected to "inhuman abuse by those detaining him". His second complaint is that court-appointed counsel "did not properly represent or protect petitioner's constitutional rights". Finally, relator contends that he was convicted on evidence that was "purely circumstantial"; that the Commonwealth's evidence failed to establish that relator entered a building with "felonious intent"; and that the charge of the court was "improper, illegal, and highly prejudicial!"

Although relator concedes that the authorities afforded him every legal right to which he could lay claim, he complains of maltreatment at the hands of "unknown citizens" at the scene of the crime, which alleged maltreatment occurred, if at all, prior to the time when relator was "legally . . . placed into proper custody". It is, of course, immediately apparent that even if relator is believed in this particular, he has shown no ground for issuance of the writ petitioned for. There may be some civil or criminal remedy available against the "unknown citizens" for their alleged abuse of relator; but the action of those private persons furnishes no reason why relator should be discharged from custody after trial, conviction and sentence for the crime of burglary. His complaint discloses no "state action" which operated to deprive him of his constitutional rights. The Fourteenth Amendment to the Federal Constitution is directed against state action, not against the wrongs done by individuals who do not act for the state or under color of state authority. *U. S. ex rel. Darcy v. Handy,* 97 F. Supp. 930, 940, and cases cited therein.

Garrison's complaint that he was not properly represented at the trial is likewise without merit. His criticism of the attorney is insubstantial and frivolous. The mere fact that a criminal, after conviction, is of the opinion that the trial was not properly conducted by his counsel constitutes no ground for the issuance of a writ of habeas corpus. *Com. ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894.

Relator's contentions that he was convicted on circumstantial evidence, that the Commonwealth failed to show felonious intent and that the charge of the court was prejudicial, are matters to be considered on an appeal from judgment of sentence. Relator took no appeal and cannot substitute therefor a petition for writ of habeas corpus. *Com. ex rel. Holly v. Claudy,* 171 Pa. Superior Ct. 340, 342, 90 A. 2d 253.

Order affirmed.