Commonwealth ex rel. Luzzi, Appellant, *v.* Tees.

Argued October 1, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WOODSIDE and ERVIN, JJ. (WRIGHT, J., absent).

*Frank Luzzi,* appellant, in propria persona, submitted a brief.

*Edward Youngerman,* Assistant District Attorney, with him *Henry M. Koch,* District Attorney, for appellee.

OPINION BY ERVIN, J., November 9, 1954:

This is an appeal from an order of the Court of Common Pleas of Berks County discharging the rule and dismissing the petition for a writ of habeas corpus. Oral argument was heard by the court but no hearing was held for the presentation of evidence. Relator was convicted of burglary, larceny and carrying firearms without a license. He was sentenced on the burglary and larceny charge to pay a fine of $100.00, costs of prosecution and to undergo imprisonment in the Eastern State Penitentiary for a period of not less than seven and one-half nor more than twenty years. Relator was represented at the trial by former President

Judge PAUL N. SCHAEFFER. No motion for a new trial was filed nor appeal taken. He complains of the action of the lower court in disposing of this petition without granting an opportunity to prove his allegations. His petition raised no factual issues requiring determination by the court and failed to establish any ground entitling relator to relief by habeas corpus and therefore a hearing was unnecessary. *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 475, 476, 98 A. 2d 206.

Where the petition or application itself or where the record upon which it is based or both together fail to clearly make out a case entitling a relator to the relief afforded by a habeas corpus, a hearing is not necessary. *Com. ex rel. Elliott v. Baldi,* 373 Pa. 489, 494, 495, 96 A. 2d 122. The following footnote is contained on page 495 of that opinion: "By way of caution we may add that when a petition for a writ of habeas corpus has been presented and the Court directs the writ to issue or allows a rule to show cause why the writ should not be issued, a hearing is necessary: Act of May 25, 1951, P. L. 415, §§4, 5." Soon thereafter the Supreme Court stated that no hearing was necessary even though a rule to show cause had been allowed. *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 527, 97 A. 2d 54, wherein it is stated: "It is clear therefore that no hearing would have been necessary to dispose of this petition prior to the Habeas Corpus Act of 1951, supra. Has the Act effected such a change in procedure that a hearing is necessary in every case where a rule to show cause is allowed? The language of the Act in this regard appears to be mandatory, and we clearly so regarded it in Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 96 A. 2d 122, when we said: 'By way of caution we may add that when a petition for a writ of habeas

corpus has been presented and the Court directs the writ to issue or allows a rule to show cause why the writ should not be issued, a hearing is necessary: Act of May 25, 1951, P. L. 415, §§4, 5.'

"But it would be absurd to suppose that the Legislature intended to direct the taking of testimony when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of habeas corpus. When the petition, answer, and original record disclose only questions of law, then, in this as in any other civil proceeding, the only hearing necessary is oral argument to hear relator's views on the legal issues involved. That requirement has been satisfied here." To the same effect see the recent case of *Hoffman v. Burke,* 378 Pa. 651, 107 A. 2d 866. It has also been decided by this Court that no hearing is necessary even though a rule to show cause has been granted. *Com. ex rel. Wolcott v. Burke,* supra, where President Judge RHODES said: "The granting of a rule to show cause on relator's petition was perfunctory and did not necessitate a hearing on averments which were not prima facie sufficient to show a violation of due process or ground for relief. Com. ex rel. Bishop v. Claudy, 373 Pa. 523, 97 A. 2d 54. Moreover, the answers and the trial or court records, which may relevantly be considered in habeas corpus proceedings, disclosed nothing that would require a hearing or afford a basis for the issuance of a writ of habeas corpus. Com. ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115, 90 A. 2d 383." To the same effect see *Com. ex rel. McCurdy v. Burke,* 175 Pa. Superior Ct. 482, 485, 106 A. 2d 684.

Relator avers in his argument that "The Commonwealth's witness, Mr. William H. Kline did give perjured testimony . . . . His testimony during the course

of Appellant's trial was in direct contrast to the testimony given at the preliminary hearing in which he stated, 'it was too dark to make any identification'." We repeat what was so well said in *Com. ex rel. McCurdy v. Burke*, supra: "As to alleged perjured testimony, the court below adequately disposed of this question as follows: 'Assuming these statements to be true, it falls far short of showing that the relator was convicted on perjured testimony. As stated in our original opinion: "A mere variance in testimony, or the fact that a witness may have made contradictory statements, goes to the question of the credibility of the witness but does not, in itself, indicate perjury on the part of the witness or that the defendant was convicted on perjured testimony, and is not, of itself, sufficient to compel a new trial: Commonwealth vs. Carter, 272 Pa. 551, 555 (1922)," much less to be the basis for a writ of habeas corpus.'

"In Com. ex rel. De Poe v. Ashe, 167 Pa. Superior Ct. 23, 25, 74 A. 2d 767, 769, certiorari denied 341 U. S. 933, 71 S. Ct. 800, 95 L. Ed. 1362, where there was an averment in relator's petition that the testimony on behalf of the Commonwealth was perjured, we said: 'The testimony presented by relator was contradictory of that presented by the Commonwealth, but the evidence was entirely adequate to warrant a conviction. The credibility of the witnesses was for the jury. Relator's attack on the evidence presented at the trial cannot be the subject of habeas corpus. Com. ex rel. Koleg v. Ashe, 140 Pa. Superior Ct. 215, 14 A. 2d 175.' "

Relator also complains that "Burton E. Degler, had a relative, Elsie P. Degler who was one of the jurors who sat in judgment of the Appellant thereby depriving appellant of his right to a fair trial by a 'TRUE AND TRIED JURY'." The record shows that the

prosecutor in the case was Robert G. Shuck, an officer. The person whose property was taken was Burton E. Degler. His name appears on the indictment as a witness. It is immaterial whether the two Deglers were in fact related. There was ample opportunity for relator's counsel to examine the prospective juror on the voir dire and to challenge her if he so desired.

Moreover, the Act of 1939, P. L. 157, Sec. 9, 17 PS 1340, provides, inter alia: "After jurors are sworn without objection all objections to their qualifications as prescribed by this act or to the manner of their selection, drawing, or summoning shall be deemed to have been waived. No indictment can be attacked or verdict challenged by reason of any juror's disqualification under this act, or any irregularity in the manner of selecting, drawing, or summoning jurors unless due objection is made before said alleged disqualified, or illegally selected jurors are sworn." See: *Com. v. Sydlosky*, 305 Pa. 406, 158 A. 154; *Com. v. Kopitsko*, 88 D. & C. 440; and *Com. v. Peronace*, 328 Pa. 86, 195 A. 57, where the juror in question was related to a county detective who was the active prosecutor in the case and where the court upheld the conviction.

Relator also complains of the fact that he was interrogated at length and strenuously by the State Police and the district attorney and by an assistant district attorney after his arrest. Even if true, this could not have hurt him inasmuch as he made no confession but stood mute.

Relator also calls the Court's attention to the fact that no notes of testimony were taken. Neither he nor his very able counsel requested this to be done. The failure to have notes of testimony taken does not constitute a denial of due process or any other constitu-

534

tional right of the relator. *Com. ex rel. McCurdy v. Burke,* supra.

Relator has not established any denial of due process or other infringement of his rights.

The order of the court below is affirmed.