Milton GARRISON, Petitioner,

v.

COMMONWEALTH OF PENNSYL· VANIA et al., and Dr. F. S. Baldi, Warden State Penitentiary at Rockview, Bellefonte, Pennsylvania, Respondent.

No. 293.

United States District Court
M. D. Pennsylvania.

April 6, 1955.

custody in violation of the Constitution of the United States. 28 U.S.C.A. § 2241, 28 U.S.C.A. § 2241. That fact is not to be tested by the use of habeas corpus in lieu of an appeal. To allow habeas corpus in such circumstances would subvert the entire system of state criminal justice and destroy state energy in the detection and punishment of crime",

but after stating certain exceptions, added:

"Also, this Court will review state habeas corpus proceedings even though no appeal was taken, if the state treated habeas corpus as permissible. Federal habeas corpus is available following our refusal to review such state habeas corpus proceedings."

This Court accordingly gave consideration to the present petition.

Milton Garrison, pro se.

Donald W. Vanartsdalen, Dist. Atty. of Bucks County, J. Franklin Hartzel, Asst. Dist. Atty. of Bucks County, Doylestown, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, Milton Garrison, is confined in the State Penitentiary. He has applied in forma pauperis for a writ of habeas corpus.

Petitioner did not appeal in the State Court but did raise certain questions in a habeas corpus proceeding in which the Supreme Court of Pennsylvania did give the same careful consideration.[1] Certiorari was denied by the Supreme Court of the United States.[2]

In Brown v. Allen, 344 U.S. 443, 485, 486, 73 S.Ct. 397, 421, 97 L.Ed. 469 the Supreme Court said:

"The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in

Where there is a material conflict of fact in the transcript of evidence as to deprivation of Constitutional rights, the Federal District Court may properly depend upon the State's resolution of the issue.[3] However, in the present case we need not go that far. After hearing petitioner and reviewing the complete record of the State trial and appellate proceedings which were offered in evidence at the hearing, no such constitutional issues appear.[4]

Garrison was indicted and convicted on the charge of burglary. Briefly, the circumstances were that a man in the early morning hours of December 20, 1952, broke a window in a second floor bedroom of the Frank Marks home and entered a room occupied by a son. Mrs. Marks was awakened by the noise, opened a bedroom door and faced and stared at the intruder who was at the bedroom doorway, possibly ten or fifteen feet away. A light in the hallway was lit.

1. Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 106 A.2d 587, affirming 174 Pa.Super. 331, 101 A.2d 161.

2. Garrison v. Commonwealth of Pennsylvania, 348 U.S. 879, 75 S.Ct. 120.

3. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469.

4. United States ex rel. De Vita v. McCorkle, 3 Cir., 216 F.2d 743.

Mrs. Marks yelled for her husband. The intruder then slammed the door shut, dived out of the window, which he had originally entered, on to the shed roof and jumped from there to the ground. When Garrison was apprehended some hours later by friends and neighbors of the Marks family who were searching for him, and returned to the house, he was positively identified by Mrs. Marks. Such identification was repeated at the trial. When the police officers took him into custody he had a slight injury to his ankle and was limping. The Commonwealth's contention was that he injured his ankle in his precipitous exit from the second floor of the house. Garrison, for the first time at the trial, contended that his ankle was injured when he was being apprehended. There was, however, ample credible testimony to the contrary.

■■ Garrison now repeats his allegation of illegal detention and contends that it must follow that his trial and conviction are void. While, if it were material, the facts would be adjudged adversely to him,[5] nevertheless jurisdiction of the State Court would not have been affected thereby even if there had been undue force by the civilians, as he contends, or for that matter even though it had been by officers of the law, Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.[6] Nor does it constitute a proper subject of habeas corpus.[7]

■ Garrison repeats his contention that there was no evidence to support the crime of burglary. There was ample evidence to sustain the verdict and the credibility of the witnesses was for the jury.[8] Nor is the sufficiency of the evidence a proper subject of habeas corpus except where there is an entire lack of evidence.[9]

■ Garrison objects to the fact that the trial court commented on the evidence. The court fully instructed the jury that their recollection of the evidence controlled. There would be no error in this respect even had this trial been in a Federal Court and no constitutional question is involved.[10] In any event, this is not a matter on which habeas corpus would lie.[11]

■ The question of what constitutes intent for the commission of the crime of burglary, which question Garrison seeks to raise here, is a matter within the province of the State court and was given full consideration by the

---

5. Garrison testified at a hearing in this Court. The testimony at his trial in the State Court was also fully reviewed. His assertion at the trial that he was not intoxicated (Page 86 of Trial Transcript), his clear recollection of events where it appeared to serve his purpose but complete lack of memory where he desired to evade, and answers such as "Q. * * * Were you in the second floor of her (Mrs. Marks) house at any time that evening? A. To my recollection, no. I will answer like that." (Page 85 of Trial Transcript) together with conflicting statements at time of apprehension, before the Justice of the Peace and at trial, compared with the straightforward testimony of the Commonwealth's witnesses, does not present a difficult problem of credibility and fully explains and justifies the jury's verdict.

6. See also Chandler v. United States, 1 Cir., 171 F.2d 921, Par. 8, certiorari denied 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed.

1081, rehearing denied 336 U.S. 947, 69 S.Ct. 809, 93 L.Ed. 1103.

7. United States ex rel. Brink v. Claudy, D.C.W.D.Pa., 96 F.Supp. 220, affirmed, 3 Cir., 194 F.2d 535; Latimer v. Cranor, 9 Cir., 214 F.2d 926; United States ex rel. Trowbridge v. Commonwealth of Pennsylvania, D.C.W.D.Pa., 112 F.Supp. 356, affirmed, 3 Cir., 204 F.2d 689.

8. United States ex rel. Rooney v. Ragen, 7 Cir., 173 F.2d 668.

9. United States ex rel. Oxman v. Keeper of the Prison of Philadelphia County, D.C.E.D.Pa., 122 F.Supp. 297; United States ex rel. Borday v. Claudy, D.C.M.D. Pa., 108 F.Supp. 778; United States ex rel. Holly v. Claudy, D.C.W.D.Pa., 101 F.Supp. 751, affirmed, 3 Cir., 196 F.2d 1017.

10. Defending and Prosecuting Federal Criminal Cases, 2d Ed., Housel & Walser, § 451.

11. United States ex rel. Borday v. Claudy, supra.

Supreme Court of Pennsylvania.[12] This question is not before this Court since it involves no Constitutional rights. Even if error had existed, which we do not mean to infer, the rule is that habeas corpus does not lie to correct mere errors of law in a trial.[13]

As this Court stated in United States ex rel. Borday v. Claudy, D.C.M.D.Pa., 108 F.Supp. 778, 780:

"Federal courts must withhold interference with the administration of State criminal justice unless, as provided by 28 U.S.C. § 2241(c) (3), a prisoner is in custody in violation of the Constitution, Laws or Treaties of the United States. There is no such basis for the issuance of a writ in this case, and the petition for a writ of habeas corpus must be denied and the rule issued thereon discharged."

---

12. Commonwealth ex rel. Garrison v. Burke, supra.

13. United States ex rel. Borday v. Claudy, supra; United States ex rel. Holly v.

Claudy, supra; Sampsell v. People of State of California, 9 Cir., 191 F.2d 721; Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802.