## Commonwealth ex rel. Comer, Appellant, *v.* Maroney.

Submitted April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Willard Comer, Sr.,* appellant, in propria persona.

*Wray G. Zelt,* District Attorney, with him *John F. Roney,* Assistant District Attorney, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from an order of the Court of Common Pleas of Washington County dismissing a petition for a writ of habeas corpus without a hearing.

Willard E. Comer, Sr., the relator, his son, Willard E. Comer, Jr., and John Hiestand, were indicted for burglary, larceny, violation of the Uniform Firearms Act, and possession of burglary tools. Comer, Jr. entered a plea of guilty; Comer, Sr., the relator, and Hiestand were found guilty after a trial by jury. Re-

lator was sentenced to pay fines totalling $503.00, costs of prosecution and to undergo imprisonment in the Western State Penitentiary for a period of not less than 9½ nor more than 19 years. On appeal by relator to this Court from the refusal of his motion for a new trial the judgment and sentence of the court below were affirmed in an opinion by ARNOLD, J., now Mr. Justice ARNOLD, in *Com. v. Comer*, 167 Pa. Superior Ct. 537 (allocatur refused ibid xxvi), 76 A. 2d 233. On appeal by relator to this Court from the dismissal of his petition for a writ of error coram nobis the order of the court below was affirmed in an opinion by DITHRICH, J., in *Com. ex rel. Comer v. Claudy*, 172 Pa. Superior Ct. 380, 94 A. 2d 119.

In his present appeal relator complains that he was denied due process in that he was not present at all stages of his trial and that he was denied the right to prove the allegations of his petition by a hearing.

In support of his contention that he was denied due process relator claims that he was not present when the jury which was to try him was selected and impaneled, that neither he nor his counsel were present when additional instructions were given to the jury and that he was denied the right to be present at the argument of his motion for a new trial.

In answer to the allegation in relator's petition that he was not present when the jury was selected the assistant district attorney, in denying the allegation, relied on the record in the office of the clerk of the Quarter Sessions Court of Washington County which states: "And now, Feb. 22, 1950, the defendant, Willard E. Comer, Sr., being arraigned in open Court, pleads Not Guilty and the following Jury is called and sworn to try the case: [names of jurors]." The trial record also contains a listing of the 20 persons called and shows the striking of jurors by both relator's counsel

and the assistant district attorney in the exercise of their challenges. It thus clearly appears that relator and his counsel were both present when the jury was selected and sworn and there is no evidence that relator was deprived of his right to challenge the jurors. No basis was shown for contradicting the record and relator was bound thereby. *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906; *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 100 A. 2d 122. See *Com. ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 101 A. 2d 397.

In his answer to the relator's allegation that neither he nor his counsel were present when additional instructions were given to the jury the assistant district attorney stated that his office was not in a position to know the facts alleged and therefore neither admits nor denies the charges. However, assuming the truth of relator's averments, he was not harmed by the instructions given to the jury. In his charge to the jury the learned judge of the court below stated: "It is a well defined principle that where a person aids and cooperates with others in the commission of a felony, knowing a felony is about to be committed or is being committed, he is just as guilty as the ones who actually break the door or carry out the stolen goods." No objection to this part of the charge was made by relator's counsel. After the jury retired to deliberate a note was sent out to the trial judge in which the following question was asked by the jury: "Is the accomplice to the crime of burglary as guilty under the law as the person entering." The record does not reveal that this request of the jury was brought to the attention of either the assistant district attorney or the relator's counsel. However, on the same sheet of paper the trial judge wrote the following answer to the query: "A person who knowingly cooperates—aids or assists

in the [per]petration of a Burglary is equally guilty with those whose hands do the actual breaking or carrying away of the stolen goods. /s/ CARL E. GIBSON, P.J." It is thus clear that the instruction to the jury was merely a repetition of that part of the original charge quoted above describing the degree of guilt of an accomplice in a burglary charge. Additional instructions given by the trial judge to a jury after they have retired which simply restate a part of the original charge and constitute a correct statement of the law do not prejudice or harm a defendant even though neither he nor his counsel were present or even aware of the instructions at the time they were given. *Com. v. Kelly*, 292 Pa. 418, 141 A. 246.

There is no merit to relator's contention that he was denied due process in not being permitted to be present at the argument of his motion for a new trial. As stated in 14 Am. Jur., Criminal Law, §192: "It seems according to reason, and it has been so held, that the presence of the defendant on the hearing of a motion for a new trial is not a matter of right. . . ."

Relator's complaint concerning the action of the lower court in disposing of his petition without granting him an opportunity to prove his allegations is also without merit. Relator's petition contained 28 averments. In 5 of these averments relator complains he was denied due process because of his absence at various stages in his trial and subsequent thereto. These have already been discussed above and found to be without merit. Nine averments are simply statements of facts relating to the various stages in the course of his trial, sentence and confinement and the dates of their occurrence. They describe the chronological sequence of certain stages in his trial but raise no issues of fact or law requiring a hearing for determination. No less than 10 of the remaining averments relate to

his arrangements with his various attorneys and his dissatisfaction with their conduct in the handling of his trial. These complaints are without any justification. As stated by the learned judge of the court below: "In the instant case, this defendant was represented in his trial and subsequent proceedings by able members of the bar from this and adjoining counties, including the very able and eminent Hon. CHALLEN W. WAYCHOFF, former president judge of the Courts of Greene County." Moreover, the mere fact that a criminal, after conviction, is of the opinion that the trial was not properly conducted by his counsel constitutes no ground for the issuance of a writ of habeas corpus. *Com. ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894; *Com. ex rel. Garrison v. Burke,* 174 Pa. Superior Ct. 331, 101 A. 2d 161, aff. 378 Pa. 344, 106 A. 2d 587, certiorari denied 348 U. S. 879, 75 S. Ct. 120, 99 L. Ed. 53. Three averments relate to alleged inaccuracies in docket entries. If the docket entries were incorrect they could be amended by appropriate proceedings but they cannot be collaterally impeached in a habeas corpus proceeding. *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 74 A. 2d 769; *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 98 A. 2d 468. Relator's final averment contains his prayer for the issuance of a rule to show cause why the writ should not issue. It is thus clear that the numerous averments of relator's petition for habeas corpus and the record in the quarter sessions on which some of them are based failed to make out a case entitling him to relief. Where the petition itself or where the record upon which it is based or both together fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary. *Com. ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122; *Com. ex rel. Schuch v. Burke,* supra; *Com ex*

*rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921.

Order affirmed.