## Commonwealth ex rel. v. Martin

*J. Elder Bryan* and *Charles F. G. Smith*, for relator.

*Perry L. Reeher*, District Attorney, and *Gilbert E. Long*, Assistant District Attorney, for Commonwealth.

BRAHAM, P. J., December 20, 1955.—This is a petition for a writ of habeas corpus brought by Irvin C. Herge who is now confined at the Eastern State Penitentiary under sentence of life imprisonment for murder.

The petition was presented July 20, 1955. An order was at once made fixing July 28, 1955, as the time for hearing. The court was aware at that time that two habeas corpus proceedings had been previously instituted to try to effect the prisoner's release and it was deemed unnecessary to direct his return until good cause was shown.

The petition for habeas corpus alleged a conspiracy between the prisoner's brother, Ralph Herge, with the Lawrence County law enforcement officers to effect defendant's conviction. It alleged that the girl whom Irvin Herge killed met her death accidentally and that he disposed of her body while temporarily insane, that he was illegally arrested through bribery of the

prisoner's brother and illegally extradited, that he was illegally tried in Lawrence County whereas venue was in Beaver County, that he was tried without benefit of counsel of his choice, that he attempted to withdraw his guilty plea but that this was refused.

At the hearing Irvin Herge was well represented by competent counsel of his own choice. Five witnesses were heard, Ralph Herge, defendant's brother; Clark W. Ricer, Chief of Police at Ellwood City; Esther Herge, Irvin Herge's wife; Allan D. Keller, attorney for members of the prisoner's family, and Michael Kane, County Detective of Beaver County. The witnesses were heard to determine whether there was any corroborating evidence to support the fantastic claims made by Irvin Herge in his petition for a writ of habeas corpus.

There were offered also at this hearing the record of the habeas corpus proceedings in the Supreme Court of Pennsylvania brought by Herge very early in 1950, at no. 1616 March docket, and the proceeding in the habeas corpus case brought by Herge in the District Court for the United States for the Western District of Pennsylvania in March, 1950.

The petition in the Supreme Court was dismissed per curiam and the petition in the District Court of the United States was denied with a full opinion by President Judge Gourley. Inspection of the petition in the former case and of the petition and of the findings of fact in the latter case disclose that substantially every contention now advanced was raised and adjudicated in the two preceding cases.

The possible exception is the extravagant and fantastic charge now advanced that the prisoner was sentenced as the result of conspiracy between the members of his family and the law enforcement officers. The evidence taken in this case completely refutes this

contention. Rather it establishes that the prisoner's brother, wife and the other members of his family stood loyally by a ne'er-do-well brother and saw that his rights were protected to the full.

As trial judge I was of the opinion, upon inspection of the pleadings, that there was no case made out for issuance of the writ of habeas corpus and no necessity for bringing the prisoner to the hearing. After hearing the evidence, and particularly the evidence which was supposed to corroborate Irvin Herge, I am doubly of the opinion that a writ is not required and that there is no reason for bringing him to the hearing.

Decision in this case has been delayed to allow the presentation by counsel of authorities and arguments demonstrating the necessity for allowing his return but nothing has been forthcoming. Instead the court has been furnished with a very interesting memorandum prepared by someone for the prisoner, which is very interesting in its wealth of citations on the general law of habeas corpus but completely unrealistic in its refusal to face the facts of the prisoner's case.

The prisoner has been twice heard on habeas corpus as to alleged violations of his fundamental rights at trial and his claims have been twice rejected. There must be an end to all things and there must be a limit to the number of times the courts can be required to hear and rehear the case of a defendant in a criminal case.

The case of Commonwealth ex rel. Penland v. Ashe, Warden, 341 Pa. 337, establishes the law for this court in the present circumstances. The Superior Court in that case in a habeas corpus proceeding set aside the original sentence but affirmed a sentence against relator for prison breach committed while serving the original sentence: Commonwealth ex rel. Penland v. Ashe, Warden, 142 Pa. Superior Ct. 403. Relator thereupon filed a further petition for habeas corpus

in the Supreme Court but his petition was rejected in Commonwealth ex rel. Penland v. Ashe, Warden, supra.

In Commonwealth ex rel. Allen v. Claudy, 170 Pa. Superior Ct. 499, the Superior Court in an opinion by President Judge Rhodes definitely ruled that where matters have been adjudicated in one habeas corpus case they may not be reëxamined again. See also Commonwealth ex rel. Collins v. Claudy, 170 Pa. Superior Ct. 199; Commonwealth ex rel. Gibbs v. Claudy, 170 Pa. Superior Ct. 205.

In view of the unusual situation in this case, the prisoner having twice had his case reviewed on habeas corpus, I deem it unnecessary to extend this opinion by a reëxamination of the matters so ably and conclusively disposed of in the prior proceedings. An illegal arrest is not after conviction ground for discharge on habeas corpus: Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 349.

Production of relator in court on such a hearing is not necessary when there are no factual issues requiring the taking of testimony: Commonwealth ex rel. Burge v. Ashe, Warden, 168 Pa. Superior Ct. 271; Commonwealth ex rel. Wolcott v. Burke, Warden, 173 Pa. Superior Ct. 473, 98 A. 2d 206; Commonwealth ex rel. Haines v. Burke, Warden, 173 Pa. Superior Ct. 477, 98 A. 2d 208; Commonwealth ex rel. Luzzi v. Tees, Warden, 176 Pa. Superior Ct. 528, 108 A. 2d 921.

Accordingly we make the following

*Order*

Now December 20, 1955, the petition of Irvin C. Herge, now undergoing sentence at the Eastern Penitentiary for a writ of habeas corpus is denied at the cost of petitioner.

Now December 20, 1955, an exception is sealed to the above order for petitioner.