## Commonwealth ex rel. Fritchman v. Ceraul

*William C. Cassebaum,* for relator.

*Bernard O'Hare* and *Russell Kowalshyn,* for Commonwealth.

WOODRING, J., October 14, 1959.—This case is before the court on plaintiff's rule to show cause why a writ of habeas corpus should not be issued. The rule issued June 1, 1959, and on the same date William G. Barthold, president judge, appointed William C. Casse-

baum, Esq., counsel for plaintiff. An answer to the rule was filed August 17, 1959.

The case was praeciped upon the argument list for Tuesday, September 29, 1959, by the court. On that date the parties, by their counsel, introduced no testimony but presented their arguments orally and by written brief. From the entire case, pleadings, record and argument, it is at once apparent that no issues of fact have been raised. The case can, therefore, be determined on questions of law without the necessity of a hearing.[1]

Plaintiff was committed to Northampton County Prison on August 29, 1958, on two charges of burglary, April term, 1958, nos. 68 and 69. He was tried September 11, 1958, and the jury returned verdicts of guilty on both indictments. Plaintiff was sentenced September 29, 1958, and at the time of sentencing the prosecuting officer testified to plaintiff's prior record:

33 February, 1936—Burglary.

34 February, 1936—Larceny by bailee.

Pleaded guilty, $10 fine, costs and imprisonment in Northampton County Prison six months to one year.

75 June, 1937—Larceny.

Pleaded guilty, $10 fine, costs, imprisonment in Northampton County Prison one to two years.

40 April, 1941—Obstructing an officer, pointing deadly weapon.

Pleaded nolo contendere, fine $1 and costs.

41 April, 1941—Burglary.

Pleaded guilty, $5 fine, costs, three to six years Northampton County Prison, suspended.

110 April, 1947—rape.

Verdict of guilty, $25 fine, costs, 3 to 6 years Northampton County Prison.

---

[1] Commonwealth ex rel. Gaurich v. Keenan, 181 Pa. Superior Ct. 619, 124 A. 2d 144; Commonwealth ex rel. Simcox v. Johnston, 182 Pa. Superior Ct. 407, 127 A. 2d 790.

The sentence in each of the instant cases was: Pay costs, undergo imprisonment in Northampton County Prison for a period of not more than 20 years nor less than 6 years, prison sentences to run concurrently.

Plaintiff's petition on which the rule issued alleges six principal reasons why plaintiff should be discharged under the writ.[2] We will consider these reasons ad seriatim:

1. Plaintiff complains of irregularities prior to the bill of indictment: That no warrant was produced; that plaintiff was committed without arraignment; that he was denied a hearing; that bail was not set, etc. A petition for a writ of habeas corpus cannot be used to attack the sufficiency or legality of proceedings prior to the grand jury's true bill.[3]

2. Plaintiff complains that the testimony of Corporal Cavanaugh "was not true in fact, nor was it relevant or material to the case being tried". Admitting, arguendo, the correctness of plaintiff's allegations, alleged trial errors of this nature must be remedied by motions for new trial, in arrest of judgment, by appeal, etc. The remedy of habeas corpus is not a substitute for recognized methods of correcting alleged trial errors.[4]

An examination of the transcript of testimony, however, discloses that no error was committed in the reception of Corporal Cavanaugh's testimony. The officer

---

[2] The numbering of plaintiff's reasons as hereinafter restated is ours, and does not coincide with the paragraphs set forth in the petition.

[3] Commonwealth ex rel. Gaurich v. Keenan, supra; Commonwealth ex rel. Taylor v. Keenan, 184 Pa. Superior Ct. 507, 135 A. 2d 777; Commonwealth ex rel. Simcox v. Johnston, supra; Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 77 A. 2d 725; Commonwealth ex rel. Schuch v. Burke, 174 Pa. Superior Ct. 137, 100 A. 2d 122; Commonwealth ex rel. Luzzi v. Tees, 176 Pa. Superior Ct. 528, 108 A. 2d 921.

[4] Commonwealth ex rel. Gaurich v. Keenan, supra.

was interrogated concerning plaintiff's conversation at the time of his arrest. The officer testified that Fritchman denied the burglaries but that he had been drinking "very heavily since January of this year and that on occasions when he would drink he wasn't fully aware of what had happened . . . and he cited instances, one of where he had struck his daughter on the buttocks. . . ."

". . . Incidentally, he had been drinking at that time. When we put him in the back seat of the car, he became very abusive, and he said, 'If you take these handcuffs off, I'll beat—If you take these handcuffs off, I'll kill both of you.'"

Plaintiff's counsel objected to the relevancy of this testimony and plaintiff now contends that it deprived him of due process. We agree that whether or not plaintiff struck his daughter on the buttocks was irrelevant on the question of plaintiff's guilt. It was part of plaintiff's conversation, however, and as such was clearly admissible. Plaintiff denied his participation in the burglaries. He qualified that denial, however, by stating that he had been drinking heavily for a period of about eight months and that "when he would drink he wasn't fully aware of what had happened". That conversation was relevant and admissible and the Commonwealth was not to be denied the advantage of it even though it included some statements by plaintiff which were irrelevant.[5]

3. Plaintiff contends that the trial judge erred in permitting Herbert Nolf, Deputy Clerk of the Court of Quarter Sessions, to testify on rebuttal to certain prior convictions. Nolf testified from the records contained in the office of the Clerk of Quarter Sessions of North-

---

[5] See Commonwealth v. McConaghy, 151 Pa. Superior Ct. 26, 29 A. 2d 348; Commonwealth v. Gable, 323 Pa. 449, 187 Atl. 393; Commonwealth v. Wood, 142 Pa. Superior Ct. 340, 16 A. 2d 319; Commonwealth v. Hipple, 333 Pa. 33, 3 A. 2d 353.

ampton County and stated that the records disclosed judgments of conviction against plaintiff in no. 33, February term, 1936, burglary; 34, February term, 1936, larceny by bailee; 75, June term, 1937, larceny; 40, April term, 1941, obstructing an officer and pointing deadly weapon; 41, April term, 1941, burglary, and 110, April term, 1947, rape.

Plaintiff erroneously contends that his record "could not be allowed unless the defendant (plaintiff herein) entered evidence of his good reputation". Unfortunately for plaintiff that is not the law. A criminal defendant places his credibility in issue when he submits to an oath and takes the witness stand in his defense. The Commonwealth, in such case, is entitled to attack defendant's credibility by proving prior convictions of felonies or of misdemeanors in the nature of crimen falsi.[6]

4. Plaintiff's fourth reason reads:

"The prosecution witness and the alleged accomplice in the crimes charged, did not offer evidence that petitioner participated in either crime as charged."

This reason is not supported by the notes of testimony. Accomplice, Robert Earl Michael, apparently reluctant to testify against Fritchman, commenced his testimony in an indefinite manner. He said, "I *think* we met where Nuttall lived on Northampton Street" and "I *think* Nuttall lived with Fritchman", etc. He then proceeded to testify, however, in concise and definite terms to the commission of the crimes and the manner in which they were accomplished. Michael testified that at the Freemansburg Club, Fritchman "went behind the bar" and that Fritchman "got the

---

[6] Commonwealth v. Williams, 307 Pa. 134; Commonwealth v. Gibbs, 167 Pa. Superior Ct. 79, 74 A. 2d 750; Commonwealth v. Jones, 334 Pa. 321, 5 A. 2d 804; Commonwealth v. Sciullo, 169 Pa. Superior Ct. 318, 82 A. 2d 695; Commonwealth v. Barclay, 178 Pa. Superior Ct. 568, 115 A. 2d 405.

stuff behind the bar". The witness also testified that at the Citizens Club in Miller Heights, Fritchman "boosted me up and I went in through the window and let Fritchman and Nuttal into the room. Fritchman went behind the bar". Michael testified further that the three men, Michael, Nuttall and Fritchman, took the "stuff" to Michael's home and divided it between the three.

We find no merit in plaintiff's fourth reason, which must be denied and dismissed.

5. Plaintiff's fifth reason reads:

"Rule of Evidence: It is a definite rule that where one accused by accomplice, when no collaboration or substantiation is produced, no conviction can be had."

We know of no such rule of evidence. 2 Henry, Pennsylvania Evidence, §798, reads:

". . . . . there is no rule of law forbidding a conviction on such testimony without corroboration."

The rule is clearly stated:

"The testimony of an accomplice in crime should be received with caution and considerable latitude allowed in cross-examining him, and the jury should be instructed to carefully scrutinize his testimony before giving it much weight."

In the trial of Commonwealth v. Fritchman, the admonition was carefully and fully complied with and the jury was cautioned at length that Michael was a self-confessed and unsentenced felon and that his testimony should be minutely examined in order to determine what degree of truth was contained therein.

6. Plaintiff complains of the manner in which his attorney conducted the trial. Plaintiff alleges that his counsel refused to subpoena and present certain witnesses as requested, and that he failed to enter timely objections when the Commonwealth presented testimony by Corporal Cavanaugh and Herbert Nolf, as hereinabove more fully described.

The fact that a criminal defendant, after conviction, is of the opinion that the trial was not properly conducted by counsel constitutes no ground for habeas corpus.[7] In order that ineffective representation can be the grounds for discharge on a writ of habeas corpus the representation must be so lacking in competence that it becomes the duty of the court or the prosecution to observe it and correct it.[8]

An examination of the record discloses, and the trial judge is cognizant of the fact that plaintiff's trial lawyer was completely familiar with the nature of the offense, the Commonwealth's theory thereof and the nature of the defense. Plaintiff's attorney displayed an unusual degree of skill and a complete loyalty for his client's cause. By his careful cross-examination of the Commonwealth's witnesses he made it necessary for the Commonwealth to prove to the satisfaction of the jury every element and detail of the offenses. His success is to be measured by the manner of his work rather than the result, which was beyond his power to control.

The decision of subpoenaing witnesses is a matter of discretion for defendant's counsel and will not be reviewed on habeas corpus.[9]

Plaintiff's plea of improper representation must be considered in connection with plaintiff's previous experience in criminal proceedings. Does the record indicate that plaintiff at the time of trial was aware of the

---

[7] Commonwealth ex rel. Koffel v. Myers, 184 Pa. Superior Ct. 270, 133 A. 2d 570; Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530, 143 A. 2d 657.

[8] Commonwealth ex rel. Davis v. Baldi, 181 Pa. Superior Ct. 251, 124 A. 2d 390; Commonwealth ex rel. Comer v. Maroney, 178 Pa. Superior Ct. 633, 116 A. 2d 301; Commonwealth ex rel. Richter v. Burke, 175 Pa. Superior Ct. 255, 103 A. 2d 293.

[9] Commonwealth ex rel. Garrison v. Burke, 174 Pa. Superior Ct. 331, 101 A. 2d 161, affirmed in 378 Pa. 344, 106 A. 2d 587; Commonwealth ex rel. Smilley v. Claudy, 172 Pa. Superior Ct. 247, 93 A. 2d 894.

gravity of the offenses with which he was charged and was he competent to protect his legal and constitutional rights? As already stated, this was not the first time that plaintiff was in the "prisoner's dock". During a period of 22 years plaintiff was charged and convicted of at least five felonies including larceny, larceny by bailee, burglary and rape. On at least three of these occasions plaintiff has served prior terms of imprisonment which ranged from six months to one year, one year to two years and three years to six years.

From the foregoing it would appear that plaintiff was no novice in criminal proceedings on the trial of the cases now under review. If he believed that his counsel was not presenting his defense properly, it was his duty to bring the matter to the attention of the court.[10] A criminal defendant cannot sit passively through the trial of his case and take his chance on the verdict and then complain about the manner of his lawyer's work in the event of an adverse verdict.

In consideration of the entire trial of cases 68 and 69, April term, 1958, and, with due regard to the pleadings on the instant rule, 129, June term, 1959, it is our opinion that plaintiff obtained and received a full and fair trial, that his rights were duly protected under the Constitutions of the United States and Pennsylvania and that there were no trial errors such as to deny plaintiff of due process. Under these circumstances the rule now pending must be discharged.

## Order

And now, October 14, 1959, it is hereby adjudged, ordered and decreed that plaintiff's rule for a writ of habeas corpus is denied and dismissed.

---

[10] Commonwealth ex rel. Richter v. Burke, supra.