Commonwealth *v.* Young, Appellant.

Argued October 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD J., absent).

*David Freeman,* with him *Harry P. Creveling,* for appellant.

*Bernard B. Naef,* Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY HIRT, J., November 12, 1952:

Defendant was convicted of sodomy, committed with one Kathryn Hrinkovich as charged in Bill 20, and also of sodomy on two occasions upon Eva Dora Daniels, charged in Bill 19. The Daniels girl then was but 15 years old, and the defendant in a third indictment, Bill 21, was charged with contributing to her delinquency. As to her the jurisdiction of the Juvenile Court had attached (Cf. *Commonwealth v. Wink,* 170 Pa. Superior Ct. 96, 103, 84 A. 2d 398) and the defendant was convicted also of this charge. Prison sentences, to run concurrently, were imposed in each case.

On information obtained from the Daniels girl, the defendant was brought to Police Headquarters in Allentown on August 4, 1951, and there was confronted by her. She stated in his presence that he had committed sodomy upon her on June 18 and again on July 8, 1951. The defendant thereupon made a voluntary statement in which he admitted the crimes. He was examined by the chief of police and an assistant dis-

trict attorney. The questions put to him and his answers, which constitute his statement, were reduced to writing. He read the transcript of the stenographic notes and he attached his signature to it.

Defendant in his statement also admitted that, on another occasion, he committed sodomy with Kathryn Hrinkovich, the subject of Bill 20. It is here argued that his conviction on that charge must be set aside for want of proof of the corpus delicti. There is no merit in the contention. His conviction does not rest on his confession alone. Kathryn Hrinkovich was also brought to police headquarters on August 4, and there in defendant's presence stated that she had committed sodomy with him on the date subsequently laid in Bill 20. Thus, both she and he admitted that the crime had been committed and their admissions in the presence of each other that they joined in the commission of the offense met every essential element of proof of the crime. As to the proof required to establish the corpus delicti generally, Cf. *Commonwealth v. Dolph,* 164 Pa. Superior Ct. 415, 419, 65 A. 2d 253. Kathryn Hrinkovich was later indicted on a charge of sodomy committed with this defendant. But the appellant's offer to prove testimony given by her at the preliminary hearing, before a Justice of the Peace on that charge to the effect that she did not know the defendant, did not affect the probative value of her admission of the crime in defendant's presence on the earlier date of August 4th. The court properly sustained the Commonwealth's objection to defendant's offer of proof of her testimony before the magistrate on the charge against her. In the present trial of the defendant Kathryn Hrinkovich, when called, asserted her constitutional privilege and refused to testify. The incriminating statement of Kathryn Hrinkovich on August 4th in the presence of defendant, which the jury ac-

cepted as proven, called for challenge and contradiction by the defendant and his failure then to deny the commission of sodomy with her, in itself was evidence as an implied admission of the truth of the charge. *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889; *Commonwealth v. Kaysier,* 166 Pa. Superior Ct. 369, 71 A. 2d 846; *Commonwealth v. Weigand,* 134 Pa. Superior Ct. 603, 5 A. 2d 385. Here, in addition, to the proof of direct accusation of crime made in defendant's presence, undenied by him, the jury accepted defendant's written admission of sodomy with Kathryn Hrinkovich as a confession voluntarily given.

In addition to confessing to sodomy with the Daniels girl and Kathryn Hrinkovich, the defendant in his statement of August 4, admitted sodomy with one Arlene Poandl on an earlier occasion. He was not indicted for that offense. The fact that his confession and statement to the police contained an admission of an offense other than those on trial did not in itself render the statement inadmissible as a whole. This rule obtains even where the additional offense admitted in a confession is unrelated to the charges on trial. *Commonwealth v. Hipple,* 333 Pa. 33, 40, 3 A. 2d 353; *Commonwealth v. Gable,* 323 Pa. 449, 452, 187 A. 393; *Commonwealth v. Wood et al.,* 142 Pa. Superior Ct. 340, 343, 16 A. 2d 319.

Conceding all this, appellant nevertheless contends that his confession was not admissible because elicited by questions put to him by the chief of police and an assistant district attorney. His argument is that the admission of a statement in narrative form may be proper but a confession, obtained by questioning, stamps it as an involuntary admission and therefore inadmissible on that ground. This contention is wholly without merit. It is not the form but the substance of a confession, and the circumstances under which it

is obtained, that determine its admissibility. We have refreshed our recollection by an examination of the original record in *Commonwealth v. Parker et al.*, 294 Pa. 144, 143 A. 904. In that, a leading case, the confession of Wilson, one of the defendants convicted of murder, consisted in his answers elicited by questions put to him by the chief of police. The statement containing the questions and answers, transcribed from stenographic notes by the clerk who reported the examination, nevertheless was properly received in evidence regardless of its form and the fact that it contained admissions of other crimes collateral to the indictment for murder.

We have no doubt as to the propriety of receiving in evidence the defendant's confession in the present cases. In fact defendant's admission of an act of sodomy with the Poandl woman by him was not wholly unrelated to the offenses charged in the indictments on trial. All of the admitted crimes were identical in character. And in cases involving sex offenses evidence of similar acts not charged in the indictments are admissible as bearing on the state of mind of a defendant who thereby indicates a design or plan to commit such offenses. *Commonwealth v. Kline,* 361 Pa. 434, 65 A. 2d 348; *Commonwealth v. Ransom,* 169 Pa: Superior Ct. 306, 312, 82 A. 2d 547 affirmed in 369 Pa. 153, 85 A. 2d 125. In any view the defendant was not unduly prejudiced by the admission of the confession which included an admission of a collateral crime. The court in a charge adequate in every respect, said in relation to defendant's admission of sodomy with the Poandl woman: "It does not vitiate the statement, those parts of the statement that are relevant, but I say to you that in considering the statement you will consider it only as to such parts that refer to the crime for which the defendant is presently

indicted, and that you will disregard any statements in it that refer to anything else. You will not assume that he either did or did not commit sodomy with the Poandl woman, because there is no charge in your hands concerning such incidents, and they are not to weigh with you one way or the other".

The remaining questions are either without factual background in the record or are not included in the statement of questions involved or are not of sufficient importance to merit discussion.

Judgment of sentence in each appeal is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentences, or any part of them which had not been performed at the time supersedeas was granted in each case.