J-S72004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JODY GORDON | |
| Appellant | No. 1959 MDA 2015 |

Appeal from the PCRA Order October 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007467-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:            **FILED FEBRUARY 22, 2017**

Appellant, Jody Gordon, appeals from the order entered in the York County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On July 9, 2014, Appellant entered an open guilty plea to one count of possession with intent to deliver a controlled substance ("PWID"), in connection with Appellant's sale of 6.4 grams of cocaine to a confidential informant ("C.I.") on July 9, 2013.  Appellant executed a written guilty plea

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

colloquy confirming his plea was voluntary. The written plea colloquy made clear Appellant was entering an open guilty plea, leaving Appellant's sentence to the discretion of the trial court. Appellant expressly acknowledged that the court could impose Appellant's sentence consecutive to any other sentence Appellant might be serving. During the oral guilty plea colloquy, the court recited the factual basis for the plea; and Appellant agreed he was guilty of the crime charged. The court twice reiterated there was no agreement as to sentencing. Additionally, notwithstanding Appellant's statements in some earlier proceedings that he was dissatisfied with plea counsel, Appellant agreed he wanted to plead guilty despite any reservations or complaints about plea counsel. At the conclusion of the guilty plea colloquy, the court accepted Appellant's plea as knowing, intelligent, and voluntary. The court deferred sentencing for preparation of a pre-sentence investigation ("PSI") report.

On July 29, 2014, Appellant appeared for sentencing in the current PWID case and for sentencing at docket number CP-67-CR-0005473-2013 ("docket 5473-2013"), in relation to convictions for persons not to possess firearms and receiving stolen property ("RSP"). The Commonwealth recommended that the court impose an aggregate sentence of 5-10 years' imprisonment at docket 5473-2013, and a sentence of 2½-5 years' imprisonment in the current PWID case, to run consecutively. Defense counsel argued for concurrent sentences. The court noted Appellant was

also serving at that time a 5-10 year sentence at a third docket number, CP-67-CR-0001636-2012 ("docket 1636-2012").[2] The court sentenced Appellant at docket 5473-2013, to 5-10 years' imprisonment for the persons not to possess conviction, plus a concurrent 1-2 year sentence for RSP. The court imposed the sentence at docket 5473-2013 concurrent to the sentence Appellant was already serving at docket 1636-2012. In the present PWID case, the court sentenced Appellant to 2½-5 years' imprisonment, consecutive to the sentence at docket 5473-2013. Appellant did not file post-sentence motions or a direct appeal.

On February 5, 2015, Appellant filed a timely *pro se* PCRA petition alleging plea counsel's ineffectiveness, and he filed an amended *pro se* petition on July 31, 2015. The PCRA court appointed counsel on August 14, 2015 ("PCRA counsel"). On October 23, 2015, the court held a PCRA hearing, during which plea counsel and Appellant testified. At the conclusion of the hearing, the court denied PCRA relief. Appellant timely filed a notice of appeal on November 9, 2015. On November 25, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant complied.

On April 22, 2016, PCRA counsel (who is also appellate counsel) filed, in this Court, an application to withdraw as counsel and an accompanying

---

[2] Appellant committed the PWID offense at issue while he was on trial at docket 1636-2012.

appellate brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his **Turner/Finley** brief, counsel raised one issue on appeal (plea counsel's alleged ineffective assistance for promising Appellant a concurrent sentence if he pled guilty) and explained why that issue lacked merit. Appellant subsequently filed a *pro se* responsive brief, claiming counsel had failed to address other issues raised in Appellant's PCRA petition, which Appellant wanted to advance on appeal. Because counsel did not list those issues in his **Turner/Finley** brief and explain why they lacked merit, this Court concluded counsel had failed to comply with the technical requirements of **Turner/Finley**. Consequently, on December 8, 2016, this Court denied counsel's April 22, 2016 application to withdraw and remanded the matter with instructions for counsel to file (1) an advocate's brief, or (2) a compliant **Turner/Finley** brief, additionally addressing the other issues enumerated in Appellant's *pro se* responsive brief, with an accompanying petition to withdraw.

As a prefatory matter, on January 9, 2017, appellate counsel filed a new application to withdraw and a supplemental **Turner/Finley** brief. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

[C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted). "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, counsel's January 9, 2017 motion to withdraw as counsel, and *Turner/Finley* brief, detail the nature of counsel's review and explain why **all** the issues raised in Appellant's *pro se* responsive brief lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*.

Counsel raises the following issues in the supplemental brief filed on

- 5 -

appeal:

> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL SUCH THAT HE UNKNOWINGLY OR INVOLUNTARILY ENTERED A PLEA OF GUILTY?
>
> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR DISMISSAL OF THE CHARGES BASED ON PREJUDICIAL PREARREST DELAY?
>
> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE APPELLANT WITH PRETRIAL DISCOVERY MATERIAL?
>
> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE APPELLANT ON THE AVAILABILITY OF AN ALIBI DEFENSE?
>
> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE APPELLANT'S ALLEGED MANDATORY MINIMUM SENTENCE?
>
> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHEN COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A POST-SENTENCE MOTION AND/OR DIRECT APPEAL ON APPELLANT'S BEHALF?

(Supplemental ***Turner/Finley*** Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959

A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

For purposes of disposition, we combine Appellant's issues. Appellant argues plea counsel was ineffective in the following ways: (1) plea counsel promised Appellant the court would impose his PWID sentence concurrent to the sentence at docket 5473-2013, which caused Appellant to enter an unknowing and involuntary guilty plea; (2) plea counsel failed to move for dismissal of the charges based on "prejudicial pre-arrest delay";[3] (3) plea counsel did not provide Appellant with pre-trial discovery; (4) plea counsel failed to advise Appellant on the availability of an alibi defense; (5) plea counsel did not challenge Appellant's alleged mandatory minimum sentence; and (6) plea counsel neglected to file a post-sentence motion and/or direct appeal on Appellant's behalf. We disagree with Appellant's contentions.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004),

---

[3] At the PCRA hearing, Appellant claimed plea counsel was ineffective for failing to file a pre-trial suppression motion or motion to dismiss based on a lack of evidence. Appellant did not argue pre-arrest delay.

*appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant

enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Moser, supra**. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." **Id.** at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. **Id.** at 522. **See also Commonwealth v. Kelly**, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

With respect to a claim of ineffective assistance of counsel for failure to call a witness, this Court has stated:

> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice

- 9 -

requirements of the [ineffective assistance of counsel] test by establishing that:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Washington*, 592 Pa. 698, [721,] 927 A.2d 586, 599 (2007). To demonstrate…prejudice, the PCRA petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case.

*Commonwealth v. Johnson*, 600 Pa. 329, 351-52, 966 A.2d 523, 536 (2009) (some internal citations and quotation marks omitted).

An alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Rainey*, 593 Pa. 67, 98, 928 A.2d 215, 234 (2007) (internal citations omitted). "To show ineffectiveness for not presenting alibi evidence, Appellant must establish that counsel could have no reasonable basis for his act or omission." *Id.*

Where a PCRA petitioner claims counsel was ineffective for failing to file post-sentence motions, the petitioner must plead and prove he asked counsel to file post-sentence motions on his behalf, counsel refused his request, counsel lacked a rational basis for his refusal, and prejudice. *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119 (2007). On the

other hand, where a PCRA petitioner claims counsel was ineffective for failing to file a direct appeal, the petitioner must plead and prove only that he asked counsel to file a direct appeal on his behalf and counsel unjustifiably refused the petitioner's request, that is, counsel lacked a rational basis for refusing the request. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999) (holding where there is unjustified failure to file requested direct appeal, conduct of counsel falls beneath range of competence demanded of attorneys in criminal cases and denies appellant effective assistance of counsel; in these circumstances, prejudice is presumed and PCRA petitioner need not establish prejudice under general ineffectiveness test).

Instantly, the court held a PCRA hearing on October 23, 2015. At the beginning of the hearing, PCRA counsel conceded Appellant's PWID sentence did not include a mandatory minimum. Appellant testified, *inter alia*: (1) plea counsel did not provide him with discovery before Appellant entered his guilty plea; Appellant said he would not have pled guilty if he reviewed the discovery beforehand because the discovery showed the Commonwealth had no surveillance footage[4] or pre-marked money to use as evidence against him; (2) plea counsel failed to file a "suppression motion"; Appellant insisted the Commonwealth had no pictures of the transaction between Appellant

---

[4] The affidavit of probable cause indicates the police physically observed the drug transaction.

and the C.I., so a pre-trial motion could have secured dismissal of the case; (3) plea counsel promised Appellant the court would impose his PWID sentence concurrent to other sentences Appellant was serving or facing; Appellant acknowledged the written guilty plea stating the plea was open as to sentencing, but Appellant claimed he completed the written guilty plea based solely on plea counsel's representations that Appellant would receive concurrent sentences; and (4) Appellant was somewhere else at the time of the crime, so he is innocent of PWID. (*See* N.T. PCRA Hearing, 10/23/15, at 6-23).

Plea counsel testified, *inter alia*: (1) he made clear to Appellant the plea agreement was open as to sentencing; plea counsel did not promise Appellant anything in terms of sentencing; plea counsel informed Appellant the court might run his sentences concurrently, but counsel did not guarantee that result; (2) plea counsel did not file a pre-trial suppression motion because it would have lacked merit; (3) plea counsel admitted he did not provide Appellant with discovery immediately, but he confirmed Appellant had all discovery **prior** to entering his guilty plea; (4) plea counsel did not pursue an alibi defense because Appellant failed to supply him with the names of Appellant's alleged alibi witnesses; Appellant gave counsel only Appellant's wife's contact information, but counsel could not get in touch with her; (5) Appellant and plea counsel had a lengthy discussion about Appellant's decision to plead guilty; following sentencing, Appellant was

unhappy with his sentence and complained about his sentence to counsel; plea counsel told Appellant that plea counsel did not believe Appellant had any appealable issues; Appellant agreed with counsel that there was no reason to file post-sentence motions or an appeal in this case; Appellant asked plea counsel to file post-sentence motions and an appeal in another case (at docket 1636-2012), but Appellant made no request in this PWID case; and (6) plea counsel had conversations with the District Attorney about Appellant entering a negotiated guilty plea with a concurrent sentence recommendation but those conversations involved one of Appellant's other cases, not this PWID case. (*Id.* at 25-54).

During argument from counsel, PCRA counsel conceded Appellant's issue regarding the filing of a pre-trial suppression motion merited no relief. At the conclusion of the PCRA hearing, the court stated:

> Right. All right, well, [the court] listened carefully to the testimony. The [c]ourt does recall [Appellant's] cases, and we're here today on a Post-Conviction [Relief] Act petition.
>
> The thrust of the argument is that [Appellant] was denied effective assistance of counsel, and [the court] would note that the Post-Conviction [Relief] Act requires that to sustain a claim for ineffective assistance of counsel, [Appellant] must demonstrate that [Appellant] was denied the effective assistance of counsel to such an extent that it so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have been taken. That's directly from the Post-Conviction Relief Act.
>
> The case law further states that the presumption is that counsel is effective and that the burden of proving that this presumption is false rests with [Appellant].

- 13 -

The issues here are several. I think [the court] can summarize them. The one is that a motion to suppress wasn't filed. [The court does not] see any indication that there was merit to that claim and that [a motion] would have provided a different result in the case.

There's also the issue of discovery, and while we could have a debate as to when that should have been provided, when it could have been provided, it was, in fact, made available to [Appellant]. [The court believes] the transcript from prior court proceedings indicates that was provided, and, again, it may not have been provided as early as [Appellant] would have wished, but, again, [the court does not] see that would have changed the outcome of the case.

The main issue is the issue of his entering a guilty plea. Clearly [Appellant] did not get the result that he was looking for or expecting, and he is not happy about what the [c]ourt's sentence was. Particularly that's the fact that the gun charge was made consecutive. [The court thinks it] made clear during [the] colloquy that there was no promise for any particular sentence, either an amount or concurrent. I can state for the record that it's the practice of this [c]ourt that when there are guns involved, they typically get consecutive sentences because of what we perceive as the threat to the safety of the community.

So the issue is, was [Appellant] denied the effective assistance of counsel, if at all, to the extent that it undermined the truth-determining process and that no reliable adjudication of guilt or innocence could have occurred. [The court] cannot find that. [The court does not] believe that did occur. [The court is] going to deny the motion for post-conviction relief at this time.

(*Id.* at 63-65). In its Rule 1925(a) opinion, the PCRA court reiterated:

[The court] did not find that [plea counsel's] supposed failure to file a suppression motion would have led to a different result and so Appellant failed the third prong of the test for ineffectiveness of counsel. [The court] did not find that there was a substantially greater chance of a favorable outcome for Appellant if [plea counsel] had

- 14 -

> provided discovery to Appellant earlier in the process, which necessarily meant that Appellant failed the third prong of the test for ineffectiveness of that particular claim. And [the court] could not find counsel ineffective for his supposed assurances to Appellant that Appellant would not receive a consecutive sentence where Appellant was confronted by our thorough colloquy advising him repeatedly that with an open plea **no one** could provide Appellant assurances as to the actual sentence. Appellant, again, failed the third prong of the test for ineffectiveness of counsel.

(PCRA Court Opinion, filed February 4, 2016, at 5) (internal citations omitted) (emphasis in original). The record supports the PCRA court's analysis. *See Ford, supra*; *Boyd, supra*. Therefore, Appellant failed to satisfy the ineffectiveness test on his claims that plea counsel's promise of concurrent sentences caused Appellant to enter an unknowing plea; plea counsel failed to file a pre-trial suppression motion or motion to dismiss for lack of evidence; and plea counsel did not provide Appellant with pre-trial discovery.[5] *See Steele, supra*; *Turetsky, supra*.

Regarding Appellant's claim that plea counsel failed to advise Appellant on the availability of an alibi defense, plea counsel testified at the PCRA

---

[5] To the extent Appellant challenges on appeal counsel's failure to move for dismissal of the charges based on "prejudicial pre-arrest delay," Appellant abandoned that claim at the PCRA hearing. Moreover, the record shows Appellant's PWID offense occurred on July 9, 2013, while Appellant was on trial at docket 1636-2012. The Commonwealth filed a criminal complaint charging Appellant with PWID on September 11, 2013. Appellant's preliminary arraignment was scheduled for the next day. Appellant offers no legal basis to suggest that a two-month delay in his arrest warranted dismissal of his case.

hearing that Appellant supplied no contact information for his purported alibi witnesses except for his wife, whom plea counsel could not reach. Additionally, Appellant alleged in his *pro se* PCRA petition that his wife, Quinton Jacobs, and Ryan Dell Nesbit would all offer testimony at the PCRA hearing to support Appellant's alibi claim. Nevertheless, Appellant presented only his own testimony at the PCRA hearing and merely stated he was somewhere else at the time of the PWID offense. Thus, Appellant failed to satisfy the ineffectiveness test on this claim. ***See Johnson, supra***; ***Washington, supra***.

With respect to Appellant's claim that plea counsel failed to challenge the mandatory minimum sentence, PCRA counsel conceded at the PCRA hearing that Appellant did not receive a mandatory minimum sentence for his PWID conviction. Thus, the record belies this ineffectiveness claim.

Concerning Appellant's claim that plea counsel failed to file post-sentence motions and/or a direct appeal on Appellant's behalf, Appellant did not plead in his *pro se* PCRA petition or in his amended PCRA petition that he asked counsel to file post-sentence motions or a direct appeal on his behalf or that plea counsel was ineffective for failing to consult with Appellant about whether he wanted to pursue post-sentencing or appellate review. ***See Reaves, supra***; ***Lantzy, supra***. Additionally, plea counsel testified at the PCRA hearing that Appellant agreed there was no reason to file post-sentence motions or an appeal in this case. Plea counsel further stated that

Appellant had asked him to file post-sentence motions and an appeal at docket 1636-2012, but Appellant made no request in this PWID case. The court's order denying PCRA relief indicates the court credited plea counsel's testimony. *See Dennis, supra*. Consequently, Appellant's final ineffectiveness of counsel claim fails. *See Reaves, supra*; *Lantzy, supra*. Following our independent examination of the record, we conclude the appeal is frivolous and affirm; we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017